# REPORTS OF CASES ADJUDGED

IN THE

# SUPREME COURT OF PORTO RICO

Z. BETANCOURT & CO., PLAINTIFFS AND APPELLANTS, *v.* ANGUIANO
ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an
Action of Intervention in Ownership of Real Property.

No. 1428.—Decided May 31, 1916.

PARTNERSHIP—CAPACITY TO SUE—MERCANTILE REGISTRY—COMPLAINT.—In order
that a mercantile partnership may have capacity to sue it must be constituted
by a public instrument and the instrument must be recorded in the mercantile
registry at the time the action is brought.

ID.—MERCANTILE REGISTRY—CAPACITY TO SUE—CAUSE OF ACTION.—The failure
of a mercantile partnership to be recorded in the registry at the time a con-
tract was entered into does not affect its personality or capacity to sue but
affects the cause of action to establish its rights.

ID.—THIRD PERSON—CONTRACT.—Article 24 of the Code of Commerce cannot
be understood to mean that a person who contracts directly with an unreg-
istered partnership may be regarded as a third person.

ID.—PUBLIC INSTRUMENT—MERCANTILE REGISTRY—CONTRACT—THIRD PERSONS.—
The provisions of articles 118, 119, and 17 of the Code of Commerce do
not imply that because a firm fails to execute and record its articles of
partnership, contracts entered into with it are absolutely null and void;
for although a mercantile partnership may have no legal existence, the acts
and contracts of the partners as such are binding upon them in favor of the
third persons with whom they contracted.

ID.—MERCANTILE REGISTRY—CONTRACT—THIRD PERSONS—ACTION.—The question
of the invalidity of acts or contracts of unrecorded partnerships affecting
third persons can only be raised in the proper declaratory action, especially
in case of the assertion by a partnership of rights which are not derived
from the articles of partnership, but from ordinary contracts entered into
with persons not members of the partnership.

The facts are stated in the opinion.
*Mr. Pedro González* for the appellant.
*Mr. Eduardo López Tizol* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is a case of intervention in ownership of real property.

In their amended complaint of October 3, 1915, filed in the District Court of San Juan, Section 1, plaintiffs Z. Betancourt & Company allege the following as a cause of action:

1. That they are a mercantile firm domiciled in this city, organized by Zoilo Betancourt Díaz and Ignacio Betancourt Pozuelo, according to the provisions of the Code of Commerce, by a public instrument of January 20, 1913, which was recorded in the mercantile registry of San Juan on August 14, 1915.

2. That on January 13, 1915, Antonio Anguiano brought suit in the Municipal Court of San Juan against Víctor Andino to recover $360 and in order to secure the effectiveness of the judgment which might be rendered, levied an attachment on a house which is described in the complaint.

3. That by a deed of January 30, 1914, Víctor Andino Vivar sold the said property to the plaintiff firm for $400 and reserved the right to repurchase the same within a period of one year from the date of the execution of the deed.

4. That later the plaintiffs made a loan of $118 to Víctor Andino Vivar and as it was not paid when it became due, the parties agreed that Andino Vivar should renounce his right to repurchase the property, whereupon the plaintiffs executed an acquittance to Andino Vivar for the said sum, the sale of the house being thus definitely made to the plaintiffs, all of which is recited in an instrument dated December 12, 1914.

5. That in this same instrument of December 12, 1914, the plaintiffs leased the said house to Andino Vivar for one year at a monthly rental of $10.36, one of the conditions being that the plaintiffs agreed to sell the property to Andino Vivar within the period for which the property was leased, for the sum of $518.

6. That the plaintiff firm is in possession of the property.

The complaint concludes with a prayer that the plaintiffs be adjudged the sole owners of the attached property; that Antonio Anguiano cannot subject the said property to his claim of $360 against Víctor Andino Vivar, and that consequently the attachment be dissolved and the property placed at the free disposal of the plaintiffs, with the costs, expenses, disbursements and attorney fees against the defendants.

Antonio Anguiano demurred to the said complaint on the ground that the plaintiff firm was without legal capacity to sue because it was not recorded in the mercantile registry when the attachment was levied and that the complaint did not state facts sufficient to constitute a cause of action.

For the same reasons given in its former ruling of August 17, 1915, on the demurrer to the original complaint, the court sustained the demurrer on the ground that the plaintiffs lacked capacity to sue Antonio Anguiano, and on motion of the plaintiffs judgment was entered on October 14, 1915, dismissing the complaint, from which judgment the present appeal was taken to this court.

The lower court gave as a ground for its ruling of August 17, 1915, that, being a third person, Antonio Anguiano could not be sued by Z. Betancourt & Company unless at the time the attachment was levied the firm was registered in the mercantile registry as required by law; hence it being necessary to allege, if such were the fact, that such registration had been effected, in order to enable the defendants to plead as they might see fit, the plaintiffs were allowed five days in which to amend their complaint.

In deciding the case of *Quintana Brothers & Co. v. S. Ramírez & Co. et al.,* 22 P. R. R. 707, we said that as a general rule, in accordance with law and jurisprudence, in order that a mercantile partnership in Porto Rico may appear in court and enforce its rights against third persons, it is necessary that it be constituted by a public instrument and that the instrument appear recorded in the mercantile registry, albeit

its failure to be recorded does not necessarily imply the non-existence of the partnership.

According to the allegations of the amended complaint, the firm of Z. Betancourt & Company was constituted by a public instrument of January 20, 1913, which was recorded in the mercantile registry of San Juan on August 14, 1915; therefore when the mercantile copartnership filed its amended complaint on October 3 of the same year, it had legal capacity to sue because it had complied with the provisions of articles 17 and 119 of the Code of Commerce. The failure to comply with the said requirements prior to the levy of the attachment on which the present action of intervention in ownership is based cannot affect its personality or capacity to sue, but affects the cause of action to establish its right to the ownership of the attached property; or, in other words, the said omission might, in a proper case, support a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

Let us consider the said demurrer as based on that ground.

As a sanction to the provisions of articles 17 and 119 of the Code of Commerce regarding the necessity of constituting mercantile firms by public instruments and recording the same in the mercantile registry, article 24 provides that articles of partnership not recorded shall be binding upon the partners who execute the same, but shall not prejudice third persons, who, however, may make use thereof in so far as advantageous.

The provisions of said article 24 cannot be understood to mean that a person who contracts directly with an unregistered partnership may be regarded as a third person. Judgment of the Supreme Court of Spain of January 3, 1906. And according to a former judgment of April 29, 1901, the said article refers to the terms and conditions stipulated in the articles of partnership, which, on account of not having been made public by the registration of the same in the registry, should not prejudice persons who do business with the part-

nership, but it does not refer to contracts made by the partnership or its members with third persons, which contracts may be valid and binding although the articles are not registered.

In conformity with the doctrine laid down, which seems to us to be just and reasonable, there is no doubt that Víctor Andino Vivar is not a third person in relation to the plaintiff firm, for the contracts referred to in the complaint were made by him with the firm, and that the contract of purchase and sale of the said house between the firm of Z. Betancourt & Company and Andino Vivar may be valid and binding notwithstanding the fact that the articles of partnership of the firm were not registered when the contract was entered into.

It is true that article 118 of the Code of Commerce provides that contracts executed between commercial associations and any other persons capable of binding themselves shall be valid and binding, provided the same are legal and honest and the requirements mentioned in the following article have been complied with, said requirements being that every commercial association before beginning business shall be obliged to record its establishment, agreements and conditions in a public instrument, which shall be presented for record in the commercial registry in accordance with the provisions of article 17. But these provisions do not imply that in case of non-compliance with the said requirements such contracts shall be absolutely null and void, for, as the Supreme Court of Spain said in its judgment of September 6, 1887, although a mercantile partnership may have had no legal existence, the acts and contracts of the partners as such are binding upon them in favor of third persons with whom they have contracted. And it could not be otherwise, for if they were absolutely null and void and their nullity even prejudiced the rights of such third persons, the sanction would be imposed upon such third persons who had violated no statutory provision.

Commenting upon article. 2 of the Mortgage Law in Volume I (ed. 1903), page 347, of his work on this subject, Galindo expresses himself as follows:

"Article 17 of the Code of Commerce makes it obligatory that mercantile partnerships be recorded in the mercantile registry, but it is not settled whether the violation of that provision is a bar to the admission to record in the registry of property of deeds of acquisition or alienation of property executed by a partnership which is not shown to have complied with such requisite.

"We are inclined to believe that such deficiency is not one of the defects referred to in article 65 of the Mortgage Law and base our conclusion upon the fact that although partnerships are prohibited from beginning their operations without first being recorded in the mercantile registry, article 24 of the said code provides that instruments constituting associations not recorded shall be binding between the members who execute the same, but they shall not prejudice third persons, who, however, may make use thereof in so far as advantageous.

"From this it is correctly inferred that the status of unrecorded partnerships is disadvantageous before the law, but they have a juridical personality with relation to third persons and, therefore, deeds by which they acquire or dispose of property may be recorded."

In conformity with all the foregoing, we are of the opinion that the deeds of January 30 and December 12, 1914, on which the intervening firm bases its right to the ownership of the house attached in the action brought by Antonio Anguiano against Víctor Andino, cannot be considered inexistent or *prima facie* null and void because of the fact that the complainant mercantile partnership was not registered on the dates on which the said partnership entered into the contracts recited in the said instruments with Víctor Andino. Defendant Antonio Anguiano' is not benefited by the fact that his status with relation to the said contracts is that of a third person and that the attachment was levied before the articles of partnership were recorded in the mercantile registry, inasmuch as the legal relations existing between the firm of Z. Betancourt & Company and Víctor Andino on account of such contracts, could not be affected by the levy of

the attachment, the effects of which are only to give Anguiano a preference over subsequent creditors to the proceeds derived from the sale of the house. In so far as concerns the contracts in question, defendant Anguiano can have no greater rights against the firm of Z. Betancourt & Company than Andino had. If the instruments under consideration are not *prima facie* void as regards Vivar, neither can they be as to Anguiano.

Moreover, the question as to the invalidity of acts or contracts of unrecorded partnerships affecting third persons can only be raised in the proper declaratory action, according to the judgment of the Supreme Court of Spain of January 3, 1906, *supra,* and we are of the opinion that this doctrine is applicable with greater force in case of the assertion by a partnership of rights which are not derived from the articles of partnership but from ordinary contracts entered into with persons not members of the partnership.

For the foregoing reasons the judgment appealed from should be reversed and the case proceeded with according to law.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.